AO 91 (Rev. 11/11)  Criminal Complaint

## UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | | |
|---|---|---|---|
| United States of America | ) | | FILED BY _____ D.C. |
| v. | ) | | APR 0 7 2015 |
| WISLET BRUNIS | ) | Case No. | STEVEN M. LARIMORE |
| | ) | 15-8188-JMH | CLERK U.S. DIST. CT. |
| | ) | | S.D. OF FLA. - W.P.B. |
| | ) | | |
| | ) | | |
| | ) | | |
| *Defendant(s)* | | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   March 9, 2012 and March 6, 2013   in the county of   Palm Beach   in the

Southern   District of   Florida   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1425(b) | Unlawful procurement of citizenship and naturalization |
| 18 U.S.C. 1542 | False statement in application for a passport |

This criminal complaint is based on these facts:

Please see the attached affidavit of Homeland Security Investigations Special Agent Cynthia Samples, which is incorporated herein by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Cynthia Samples, HSI

*Printed name and title*

ᒷ find probable cause

Sworn to before me and signed in my presence.

Date:   04/07/2015

*Judge's signature*

City and state:   West Palm Beach, Florida

Hon. James M. Hopkins, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT

I, Cynthia Samples, a Special Agent for the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement, having being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the United States Department of Homeland Security; Homeland Security Investigations ("HSI") assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been employed by HSI since August of 2009. I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a Special Agent is the investigation and enforcement of customs and immigration laws of the United States.

2.      I submit this affidavit in support of a criminal complaint charging Wislet BRUNIS with false statement in application for a passport, in violation of 18 U.S.C. § 1542, and unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. § 1425(b).

3.      The facts set forth in this affidavit are based upon my personal knowledge, as well as information received from other law enforcement officers and my review of documents. I have not included each and every fact known to me concerning this investigation, but have set forth only those facts necessary to support probable cause.

3.      On or about September 10, 1999, Wislet BRUNIS (hereinafter the defendant), a Haitian national born in 1967, applied for asylum in the United States using Form I-589 (Application for Asylum and for Withholding of Removal). In his application, BRUNIS admitted to having entered United States without inspection in February 1999.

4.      Upon interview and review of the defendant's application, U.S. Citizenship and Immigration Services ("USCIS") concluded that BRUNIS's testimony was not credible and

failed to provide sufficient detail in respect to material parts of his claim. USCIS deemed BRUNIS ineligible for asylum status in the U.S. and referred the case for further review to the Immigration Judge.

5. On October 27, 2000, the Immigration Judge presiding over BRUNIS's case denied his application for asylum and ordered him removed to Haiti. After an appeals process, on or about July 13, 2002, the Immigration and Naturalization Service mailed BRUNIS form I-166 (Final Order of Removal) advising him to report to the Miami Immigration and Naturalization Services office for deportation. BRUNIS, however, never reported as ordered.

6. In or around 2003, BRUNIS assumed the identity of a true person, referred to herein as "C.D." C.D. was born in Haiti in 1979, according to his birth certificate in his assigned alien file.

7. On or about March 9, 2012, BRUNIS applied for and filed Form N-400 (Application for Naturalization) in West Palm Beach, Florida using the assumed identity of C.D. On or about October 4, 2012, the N-400 application was approved. BRUNIS became a naturalized U.S. citizen under the name C.D. on or about October 23, 2012.

8. On or about March 6, 2013, in West Palm Beach, Florida, BRUNIS applied for and filed an application for a U.S. Passport under the assumed identity of C.D. The application was approved the same date.

9. On or about April 5, 2015, Wislet BRUNIS arrived at the Fort Lauderdale International Airport from Haiti onboard Spirit Airlines flight # NK952. During primary inspection, BRUNIS presented form 6059B (Customs Declaration) and a U.S. Passport bearing the name C.D. Due to an ongoing investigation, the defendant was referred for questioning concerning his true identity and legal status.

10. Prior to questioning, BRUNIS was advised of his *Miranda* rights, which he waived. During his post-*Miranda* interview, BRUNIS made the following statements:

a. His real name is Wislet BRUNIS.

b. BRUNIS entered the United States illegally and without inspection.

c. In or around 2000, BRUNIS applied for asylum using his true identity, which was subsequently denied.

d. In or around 2003, BRUNIS admitted to receiving a "green card" (acknowledging lawful permanent resident status) belonging to C.D from an unnamed friend. BRUNIS claimed to have paid approximately $2,200 for the documents, which included a green card, a birth certificate, and a social security card all belonging to C.D.

e. BRUNIS stated that he did not know or ever meet C.D.; however, he was told that C.D. was now deceased. BRUNIS knowingly obtained these documents unlawfully and knowingly lied on his immigration application to obtain U.S. citizenship status.

f. BRUNIS admitted to knowingly lying on his immigration application, and filing his application for naturalization in West Palm Beach, Florida to receive an immigration benefit.

3

11.     Based on the foregoing facts, I submit that there exists sufficient probable cause to charge Wislet BRUNIS with false statement in application for a passport, in violation of 18 U.S.C. § 1542, and unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. § 1425(b).

**FURTHER AFFIANT SAYETH NAUGHT**

_____
SPECIAL AGENT CYNTHIA SAMPLES
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
___ day of April, 2015, in
West Palm Beach, Florida

_____
HONORABLE JAMES M. HOPKINS
UNITED STATE MAGISTRATE JUDGE

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Misc. No. 15-8188-JMH

**UNITED STATES OF AMERICA**

**v.**

**WISLET BRUNIS,**

       **Defendant.**

_____/

### CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2.     Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ALEXANDRA CHASE
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501746
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1011
Fax: (561) 659-4526
alexandra.chase@usdoj.gov